UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS SCHWABEL,

       Plaintiff,

v.                                      CASE NO. 3:17-cv-791-J-34JBT

HPT SERVICE, LLC,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Final Default Judgment ("Motion") (Doc. 18).  Plaintiff brings the following two claims against Defendant:  Copyright Infringement in violation of 17 U.S.C. § 501 of the Copyright Act ("Count I"); and Removal of Copyright Management Information in violation of 17 U.S.C. § 1202 of the Digital Millennium Copyright Act ("DMCA") ("Count II").  (Doc. 1.)  Plaintiff now seeks entry of a final default judgment in the total amount of $89,660.86, consisting of $83,027.00 in statutory damages,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

$6,105.50 in attorney's fees, and $528.36 in costs.  (Doc. 18.)  Plaintiff also requests that a permanent injunction be entered against Defendant.  (*Id.*)  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**, that judgment be entered in favor of Plaintiff and against Defendant in the total amount of $14,753.40, representing $9,105.40 in statutory damages, $5,183.00 in attorneys fees, and $465.00 in costs, and that a permanent injunction be entered against Defendant.

## I.    Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk.  *See* Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, a court must ensure that it has

2

jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).  A sufficient basis must exist in the pleadings for the judgment entered.  *See Nishimatsu*, 515 F.2d at 1206.  A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  *See* Fed. R. Civ. P. 8(a).  A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Twombly*, 550 U.S. at 555.  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth."  *Iqbal*, 556 U.S. at 678–79.  Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered.  *See Nishimatsu*, 515 F.2d at 1206.

## II.    Jurisdiction and Claims Stated

Upon review of the Complaint, the Motion, and other relevant filings, the undersigned recommends that a default judgment be entered as to Counts I and II.  The Court has federal question jurisdiction over these counts pursuant to 28 U.S.C. § 1331.  Additionally, despite being properly served, Defendant failed to appear, and a default has been entered against Defendant.  (Docs. 15 & 16.)

### A.    Count I

Section 501 of the Copyright Act states in relevant part:

> Anyone who violates any of the exclusive rights of the copyright owner as provided by [17 U.S.C. §§ 106–122] or of the author as provided in [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be.

17 U.S.C. § 501(a).  "To make out a prima facie case of copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the [work] and (2) defendants

copied protected elements from the [work]."[2]  *Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014) (quotations omitted).  "In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  17 U.S.C. § 410(c).

Plaintiff alleges that he is a travel and landscape photographer who owns a valid copyright in the photograph depicted in the Complaint ("Photograph").  (Doc. 1.)  Plaintiff further alleges that Defendant, which is a commercial and residential tree service, copied, displayed, and distributed the Photograph on the internet, without authorization, to advertise its business.  (*Id.*)  In support of these allegations, Plaintiff attaches to the Complaint, and to the Declaration of Joel Rothman, Plaintiff's attorney, his Copyright Registration that includes the Photograph.  (Doc. 1-1, Doc. 19.)  The Copyright Registration, dated December 2, 2011, was made within five years after the first publication of the Photograph on October 29, 2008.[3]  (*See* Doc. 19 at 1, 7.)  Additionally, Plaintiff attaches to the Complaint screenshots from Defendant's website and Facebook page showing that the Photograph was displayed on both sites.  (Doc. 1-2.)  Therefore, the

---

[2] Photographs may be copyrightable.  *See Playboy Ent., Inc. v. Starware Pub. Corp.*, 900 F. Supp. 433, 437 n.4 (S.D. Fla. 1995).

[3] Plaintiff identifies the Photograph by file name in the Declaration of Joel Rothman. (Doc. 19 at 1.)  The publication dates of each file, including the Photograph, are listed in the Copyright Registration.  (*Id.* at 7.)

undersigned recommends that Plaintiff has stated a claim for copyright infringement in Count I.

### B.   Count II

Section 1202 of the DMCA states in relevant part:

> No person shall, without the authority of the copyright owner or the law--
>
> intentionally remove or alter any copyright management information [("CMI")],
> . . .
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b)(1).  CMI is defined in relevant part as "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright."  17 U.S.C. § 1202(c)(3).

The Photograph contains the following CMI in the bottom right corner: "Copyright 2008 Tom Schwabel | All Rights Reserved."  (Doc. 1 at 3.)  Plaintiff alleges that, without authorization, Defendant knowingly, and with the intent to facilitate copyright infringement, removed the subject CMI from the Photograph.[4] (*Id.* at 5.)  Additionally, screenshots of Defendant's website, which are attached to

---

[4] "Intent, knowledge, and other conditions of a person's mind may be alleged generally."  *See* Fed. R. Civ. P. 9(b).  *See also Grecco Productions, Inc. v. RGB Ventures, LLC*, Case No. 3:16-cv-1335-J-34PDB, 2017 WL 4077045, at *10 (M.D. Fla. Sept. 14, 2017) (finding a similar allegation sufficient under the DMCA).

the Complaint, show that the subject CMI was removed from the version of the Photograph posted on Defendant's website.[5]  (Doc. 1-2 at 2, 6.)  Therefore, the undersigned recommends that Plaintiff has stated a claim for removal of CMI in Count II.

## III.    Relief Requested

Plaintiff requests statutory damages for both counts, a permanent injunction, and attorney's fees and costs.[6]  (Doc. 1 at 6, Doc. 18 at 15.)  The undersigned will address each request in turn.[7]

### A.    Statutory Damages for Count I

Section 504 of the Copyright Act states in relevant part:

[A]n infringer of copyright is liable for either--

(1)    the copyright owner's actual damages and any additional profits of the infringer . . . ; or

(2)    statutory damages . . .
. . .

---

[5] As set forth below, the CMI was not removed from the version of the Photograph posted on Defendant's Facebook page.  (*See* Doc. 1-2 at 4–5, Doc. 18-1 at 19–20.)

[6] Although Plaintiff also requests prejudgment interest in the Motion, he did not request it in the Complaint.  (Doc. 1 at 6; Doc. 18 at 15.)  Additionally, Plaintiff has provided no computation or suggested amount for prejudgment interest, and the undersigned is recommending that Plaintiff recover significantly less than the amount of damages he seeks.  Therefore, the undersigned recommends that prejudgment interest need not be awarded.

[7] The undersigned recommends that a hearing on damages is not necessary "[b]ecause the essential evidence relating to damages is before the Court."  *Universal Music Corp. v. Latitude 360 Nevada, Inc.*, Case No. 3:15-cv-1052-J-34JRK, 2016 WL 3200087, at *4 (M.D. Fla. May 4, 2016), *report and recommendation adopted*, 2016 WL 3188899 (M.D. Fla. June 8, 2016).

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just. . . .
>
> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

17 U.S.C. § 504(c).

Regarding statutory damages:

> A court has great discretion in awarding damages within the statutory limits. In determining the amount of statutory damages, a court considers (1) the expenses saved and profits reaped by [Defendant] in connection with the infringements; (2) the revenues lost by [Plaintiff] as a result of [Defendant's] conduct; and (3) the infringers' state of mind—whether willful, knowing, or merely innocent. Courts frequently award statutory damages that are three times the amount of license fees the defendants saved by not obeying the Copyright Act.

*Universal Music Corp.*, 2016 WL 3200087, at *4 (citations and quotations omitted).

The screenshots attached to the Complaint showing that Defendant posted the Photograph on both its website and its Facebook page establish two instances of copyright infringement. (Doc. 1-2.) In his Declaration, Plaintiff states that he would have charged Defendant licensing fees totaling at least $2,201.80 for the two uses of the Photograph, including $1,018.80 for use on the website and $1,183.00 for use on the Facebook page. (Doc. 18-1 at 3.) However, Plaintiff

asserts that his actual damages are $11,900.00 after applying a "scarcity multiplier" of five to the licensing fees of $2,201.80. (*Id.* at 4.) Plaintiff then requests that the Court apply an additional multiplier of three to his claimed actual damages for a total of $33,027.00 in statutory damages for Count I. (Doc. 18 at 11–12.)

Plaintiff fails to provide sufficient support for his request that the Court apply two separate multipliers to his licensing fees, which would result in an award of statutory damages that are fifteen times greater than the subject fees. The only case cited by Plaintiff in support of his position is distinguishable. *See Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 391–94 (3d Cir. 2016) (holding that the trial court did not abuse its discretion in denying a new trial on the basis of a grossly excessive jury verdict where the jury, in determining the plaintiff's actual damages in an infringement case, applied a multiplier based on expert testimony regarding the scarcity of stem cell photographs). The undersigned recommends that *Universal Music* is persuasive. Thus, considering the relevant factors set forth above, including the willfulness of the infringements, the undersigned recommends that the Court award statutory damages for Count I in the amount of $6,605.40, representing "three times the amount of license fees the [Defendant] 'saved' by not obeying the Copyright Act."[8] *Universal Music Corp.*, 2016 WL 3200087, at *4

---

[8] Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful. (*See* Doc. 18-1 at 33.) *See also Universal Music Corp.*, 2016 WL 3200087, at *4 ("[E]vidence that notice had been accorded to the alleged infringer before the specific

(awarding approximately three times the amount of license fees where the infringement was willful).

### B.   Statutory Damages for Count II

Section 1203 of the DMCA states in relevant part:

> [A] person committing a violation of section . . . 1202 is liable for either--
>
> (A) the actual damages and any additional profits of the violator, . . . or
>
> (B) statutory damages . . .
>
> . . .
>
> At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000.

17 U.S.C. § 1203(c).

Plaintiff argues that Defendant committed two violations of section 1202 of the DMCA by removing CMI from the Photograph posted on its website and its Facebook page. (Doc. 18 at 13.) Plaintiff requests $25,000 per violation, for a total of $50,000 in statutory damages for Count II.

The screenshots attached to the Complaint and to Plaintiff's Declaration establish that the subject CMI was removed from only the version of the Photograph posted on Defendant's website. (*See* Doc. 1-2 at 2, 6; Doc. 18-1 at

---

acts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness . . . .").

17, 21.)  The CMI was not removed from, and is still visible on, the version of the Photograph posted on Defendant's Facebook page.  (*See* Doc. 1-2 at 4–5, Doc. 18-1 at 19–20.)  Specifically, the version of the Photograph posted on Defendant's Facebook page is shown twice in the subject screenshots.  In the first screenshot, the Photograph is surrounded by a translucent toolbar that temporarily covers portions of the Photograph, including the CMI.  (Doc. 1-2 at 4, Doc. 18-1 at 19.)  However, the CMI is still visible through the toolbar.  (*Id.*)  In the second screenshot, the toolbar is gone and the CMI is clearly visible. (Doc. 18-1 at 20.)  Thus, Plaintiff has established only one violation of the DMCA.

The undersigned recommends that Plaintiff recover a total of $2,500.00 in statutory damages in Count II for Defendant's single removal of CMI from the Photograph on Defendant's website, which represents more than twice the license fee Plaintiff would have charged Defendant to use the Photograph on its website.[9] *See McPherson v. Seaduced, LLC*, Case No. 8:14-cv-2315-T-33EAJ, 2015 WL 1811029, at *4 (M.D. Fla. Apr. 21, 2015) ("The Court determines that $2,500.00 per violation [of the DMCA] is appropriate because, although it is the minimum amount authorized by the statute, it is two times the license fee that McPherson would charge had Defendants sought to use her images in a lawful manner.").  The undersigned recommends that the reasoning of *McPherson* is persuasive in the circumstances of the case at bar.  In the case cited by Plaintiff, *Stockwire Research*

---

[9] As noted above, Plaintiff would have charged Defendant $1,018.80 to use the Photograph on its website.  (Doc. 18-1 at 3.)

*Group, Inc. v. Lebed*, 577 F. Supp. 2d 1262, 1267 (S.D. Fla. 2008), the court exercised its discretion to award the plaintiffs the maximum statutory damages allowed under the DMCA. However, aside from noting the "willful and continuing nature of Defendants' conduct," the court in *Stockwire* provided no explanation or analysis regarding the subject award. *See id.* at 1267 n.8. Thus, the undersigned recommends that $2,500.00 be awarded regarding Count II.

### C.   Injunctive Relief

Section 502 of the Copyright Act states in relevant part:

> Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a).

As the Eleventh Circuit has stated:

> [U]nder well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief, and a court's decision to grant or deny such relief is within the exercise of its discretion.
>
> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Peter Letterese & Assocs., Inc. v. World Institute of Scientology Enters.*, 533 F.3d 1287, 1323 (11th Cir. 2008) (citations and quotations omitted).

Plaintiff requests that the Court enter a permanent injunction enjoining Defendant from committing further infringements.  (Doc. 18 at 14–15.)   The undersigned recommends that this request be granted.

Regarding the first two factors set forth above, Plaintiff has established that he has suffered an irreparable injury, and that remedies at law are inadequate to compensate him for that injury.  For example, Plaintiff's Declaration states in relevant part:

> The ability of HPT to reproduce, modify, distribute and display copies of the copyrighted Work for their own commercial benefit without compensation to me greatly impairs the market value of the Work since others competing with that business, or in related business areas, will not want to obtain a license to my work if it is already associated with a competing business.  Similarly, potential licensees of my copyrighted photographs will not want to pay my license fees if they see other commercial enterprises taking and using my photographs for their own commercial purposes without paying any fee at all. . . .

(Doc. 18-1 at 4.)  Moreover, Plaintiff does not have an adequate remedy at law to prevent damage caused by future infringement by Defendant.  *See McPherson*, 2015 WL 1811029, at *3 ("While the Court is, indeed, awarding damages for past violation of her rights under the copyright laws, McPherson does not have an adequate remedy at law to prevent damage she would suffer by further copyright infringement by Defendants.").

Regarding the third and fourth factors in a copyright infringement case, one district court in the Eleventh Circuit has stated:

13

Third, the balance of hardships favors injunctive relief. Defendants have no right to make commercial use of Plaintiffs' copyrighted works, so injunctive relief would cause Defendants no legally recognizable hardship. But Plaintiffs would sustain hardship, including lost revenue, if Defendants are not enjoined from engaging in the infringing activity. The balance of hardships, therefore, favors granting an injunction.

Fourth, injunctive relief is in the public interest to protect copyrights . . . , but also to support creative pursuits. . . .

*Broadcast Music, Inc. v. Cool Hand Entertainment, LLC*, Case No. 8:15-cv-289-T-36TBM, 2017 WL 3706704, at *6 (M.D. Fla. Mar. 29, 2017). The undersigned recommends that the reasoning in *Broadcast Music* regarding the third and fourth factors is persuasive, and applies equally in this case. Therefore, the undersigned recommends that the requested injunction be granted.

### D.    Attorney's Fees and Costs

Section 505 of the Copyright Act states:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

As the Eleventh Circuit has stated:

The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law [are] demarcated as

> clearly as possible in order to maximize the public
> exposure to valuable works.

*MiTek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 842–43 (11th Cir. 1999) (citations and quotations omitted).   "In deciding whether to award attorney's fees [under section 505], the court should consider the following factors: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Clever Covers, Inc. v. Southwest Fla. Storm Defense, LLC*, 554 F. Supp. 2d 1303, 1314 (M.D. Fla. 2008).   "Fees and costs of suit are commonly awarded by courts in copyright infringement default cases."   *Id.*   Upon consideration of the foregoing factors, the undersigned recommends that attorney's fees and costs be awarded to Plaintiff.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."   *Id.*   In determining reasonable hourly rates, the Court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).

Plaintiff requests a total of $6,105.50 for attorney's fees and $528.36 for costs.   (Doc. 18 at 13.)   Plaintiff lists the applicable rates for his attorneys, his

paralegal, and his investigator as follows: Joel B. Rothman, Esq. (Partner) -
$395.00; Alexander C. Cohen, Esq. (Associate) - $300.00; Jamie C. James
(Paralegal) - $175.00; and Kimberly A. Abajian (Investigator) - $175.00.  (Doc. 18-
2 at 4.)  Plaintiff provides no information regarding the experience of counsel, or
any other information or authority supporting the requested rates.  However, a
review of the Florida Bar's website indicates that Mr. Rothman graduated from law
school in 1991, has been admitted to the Florida Bar since 1996, and received his
board certification in intellectual property law in 2009.  The website also indicates
that Mr. Cohen graduated from law school and was admitted to the Florida Bar in
2017.

The undersigned recommends that Mr. Rothman's rate of $395.00 is
reasonable, but that the rate for Mr. Cohen, who has less than one year of
experience, should be reduced from $300.00 to $225.00.[10]  *See, e.g.*, *Cobbler
Nevada, LLC v. Jokic*, Case No. 8:15-cv-2653-T-27TBM, 2016 WL 3511765, at *7
(M.D. Fla. June 1, 2016), *report and recommendation adopted*, 2016 WL 3538375
(M.D. Fla. June 22, 2016) (awarding attorney's fees of $425.00 per hour for senior
attorney and $225.00 per hour for junior attorney in copyright infringement case);
*InDyne, Inc. v. Abacus Tech. Corp.*, Case No. 6:11-cv-137-Orl-22DAB, 2014 WL
1400658, at *11 (M.D. Fla. Feb. 25, 2014) (awarding attorney's fees in copyright

---

[10] The undersigned notes that there is no party to oppose these rates and the
amount of fees at issue is relatively minor.  Were that not the case, the undersigned's
recommendation might be different.

infringement case up to $400.00 per hour for senior counsel and $200.00 per hour for junior attorneys).  Additionally, the undersigned recommends that the rate for Ms. James and Ms. Abajian should be reduced from $175.00 to $125.00.  *See Fine v. Baer*, Case No. 5:15-cv-21-Oc-28PRL, 2017 WL 1437461, at *7–8 (M.D. Fla. Apr. 5, 2017), *report and recommendation adopted*, 2017 WL 1449685 (M.D. Fla. Apr. 21, 2017) (reducing a paralegal's rate from $170.00 to $125.00 in a copyright infringement case); *Wendel v. USAA Cas. Ins. Co.*, Case No. 8:08-cv-536-T-23EAJ, 2009 WL 1971451, at *5 (M.D. Fla. July 8, 2009) (approving a rate of $125.00 for a paralegal and an investigator).

Reasonable hours expended are those that are not "excessive, redundant or otherwise unnecessary" and that reflect the attorney's "billing judgment."  *See Norman*, 836 F.2d at 1301 (quotations omitted).  Upon review, the undersigned recommends that the 20.2 hours expended by Plaintiff's counsel, paralegal, and investigator in prosecuting this action are reasonable.[11]  Thus, the undersigned recommends that Plaintiff is entitled to a total of $5,183.00 in attorneys fees ((6.4 hours x $395 = $2,528.00) + (9.3 hours x $225 = 2,092.50) + (4.5 hours x $125 = 562.50)).

---

[11] In general, "[p]aralegal fees can be recovered only to the extent that the paralegal performs work traditionally done by an attorney."  *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009) (citation and quotations omitted). Although not entirely clear from the billing records, it appears that at least the bulk of the work performed by the paralegal and investigator fits this description.  (Doc. 18-2 at 3.)

Additionally, the undersigned recommends that Plaintiff is entitled to recover $465.00 in costs. "Although 17 U.S.C. § 505 allows for the award of 'full costs' in the discretion of the trial court, there is no language in the statute which indicates that § 505 permits recovery of costs beyond the limitations specified in 28 U.S.C. § 1920." *Ivory v. Holme*, Case No. 8:07-cv-2354-T-TBM, 2009 WL 1185309, at *2 (M.D. Fla. Apr. 30, 2009) (citing *Artisan Contractors Ass'n of America v. Frontier Ins. Co.*, 275 F.3d 1038, 1040 (11th Cir. 2001)). The undersigned recommends that the filing fee of $400.00 is recoverable. *See* 28 U.S.C. § 1920(1) (permitting taxation of "[f]ees of the clerk and marshal."). However, the undersigned recommends that the two shipping-related costs totaling $46.71 are not recoverable. *See Kobie v. Fithian*, Case No. 2:12-cv-98-FtM-29DNF, 2014 WL 2215752, at *2 (M.D. Fla. May 28, 2014) ("It is well settled that costs for 'shipping and handling' or postage costs are not recoverable expenses under § 1920."). Additionally, the undersigned recommends that only $65.00 is recoverable for service of process fees. *See Powercore, Inc. v. Western Sur. Co.*, Case No. 8:15-cv-766-T-33TBM, 2015 WL 3621376, at *2 (M.D. Fla. June 9, 2015) ("The fees for service of process by private process servers are recoverable under § 1920, as long as the fees do not exceed the amount charged by the United States Marshal for service of process. The Marshal charges $65.00 per hour plus travel costs and

other out-of-pocket expenses for serving process.") (citations and quotations omitted).[12]

## IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.     The Motion (**Doc. 18**) be **GRANTED in part** and **DENIED in part**.

2.     The Clerk of Court be directed to enter judgment in favor of Plaintiff Thomas Schwabel, c/o Schneider Rothman Intellectual Property Law Group, PLLC, 4651 North Federal Highway, Boca Raton, Florida 33431, and against Defendant HPT Service, LLC, 5000-18 Highway 17 #63, Fleming Island, Florida 32003, in the total amount of $14,753.40, representing $6,605.40 in statutory damages for Count I, $2,500.00 in statutory damages for Count II, $5,183.00 in attorney's fees, and $465.00 in costs.  Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

3.     The Clerk of Court be further directed to enter judgment in favor of Plaintiff Thomas Schwabel, and against Defendant HPT Service, LLC as follows:

> Defendant HPT Service, LLC, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, are permanently enjoined from: (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or

---

[12] Plaintiff provides no documentation regarding the amount of time, travel costs, or other out-of-pocket expenses associated with the claimed service of process fee totaling $81.65.  (Doc. 18-2 at 4.)

copied from Plaintiff's copyrighted Work, or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted Work as defined in the Complaint (Doc. 1).[13]

4.      The Clerk of Court be further directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 6, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[13] This language is substantially similar to the language requested by Plaintiff in the Motion.  (Doc. 18 at 14–15.)